# CHARLESTON.

CITY OF BLUEFIELD v. BLUEFIELD WATER WORKS & IMPROVEMENT CO.

### AND

*In Re* BLUEFIELD WATER WORKS & IMPROVEMENT CO. UPON AN APPLICATION TO THE PUBLIC SERVICE COMMISSION FOR AUTHORITY TO CHANGE WATER RATES.

Submitted October 23, 1917.   Decided October 31, 1917.

1. PUBLIC SERVICE COMMISSIONS—*Appeal*—"*Final Order.*"

Provisional orders of the Public Service Commission, valuing the property of and fixing rates to be charged by a public service corporation, for experimental purposes, and retaining the case on its docket for future action after the result of such experiment is ascertained, are not final orders, subject to the control of this court under section 16 of the Public Service Commission Act. (p. 204).

81 W. Va.

2.  SAME—*Public Service Corporation—Valuation and Rates—Judicial Review.*

    The valuation of the property of a public service corporation and prescribing rates for tolls and charges for services to be rendered are purely legislative acts, not subject to judicial review except in so far and in so far only as may be necessary to determine whether such rates are void on constitutional or other grounds. (p. 204).

Complaint by the City of Bluefield against the Bluefield Water Works & Improvement Company, filed before the Public Service Commission complaining of the Water Company's enforcement of certain rules, consolidated with application by the Bluefield Water Works & Improvement Company to the Public Service Commission for authority to increase its water rates. Petition by the Bluefield Water Works & Improvement Company to suspend final order of Public Service Commission.

<div align="right">*Petition dismissed, without prejudice.*</div>

*Sanders & Crockett,* for petitioner.

*S. B. Avis,* for respondent, Public Service Commission.

MILLER, JUDGE:

The Bluefield Water Works and Improvement Company, in its petition presented to this court pursuant to section 16, of chapter 15-O Barnes' Code, complains of an order, designated as the final order, of the Public Service Commission, entered in said proceedings consolidated on the 24th day of April, 1917.

The prayer of the petition is that said order be suspended; that a time be set for a hearing thereon, and that the order so entered be reviewed, reversed, set aside, and that this court enter such order as may be proper in the premises.

The order in question covers four subjects as follows:

First, that the Bluefield Water Works and Improvement Company do cease and desist from its practice of requiring the consumers to construct and maintain the service line from its main to the curb or property line.

Second, that the petitioner, the Bluefield Water Works

and Improvement Company, be permitted, and is hereby given authority, to increase its rates for water, commencing on the first day of May, 1917, according to the classified schedule of rates fixed by the commission and specifically set out in the order.

Third, that the Bluefield Water Works and Improvement Company shall keep an accurate account of receipts from its water business under the said schedule of rates, as well as the expenses of operation, up to and including the 31st day of December, 1917, and shall immediately after the first day of January, 1918, furnish the same to the Commission.

Fourth, that these causes be retained on the docket in order that the commission may make such further order and take such further proceedings therein, especially in relation to the matter of fire protection, as it may deem proper.

The errors assigned and relied on by petitioner are, first, that the commission adopted the report of its chief statistician, and disregarded the reports and testimony of Alvord and Miller, expert engineers chosen respectively by the water company and the City of Bluefield in fixing the value of its property for rate making purposes; second, that by the value so fixed and the rates for water service prescribed by said order, petitioner will be deprived of just compensation for said service and of its property without due process, and the equal protection of the law, contrary to clause 1, of the fourteenth amendment to the federal constitution.

While it does appear from the opinion filed by the commissioners and made part of the record that they adopted as the present value of said property the estimate of their chief statistician, $360,000.00, rather than that of either Alvord or Miller for the purpose of determining what rates would be reasonable and just for the services to be rendered, the order does not otherwise attempt to finally and forever bind the commission or the water company to this valuation. Moreover, it is evident that the rates prescribed, though based on that valuation, were intended to be, and by the order were made experimental only and not final, and it would be impossible for us now, as it was for the commission at the date of its order, to determine what earnings the rates

prescribed will actually produce. For aught that now appears they may yield a much larger gross and net income than that estimated and leave nothing of which the petitioner can justly complain. These experimental rates were increased rates which petitioner was permitted to charge over those previously in force, and in advance of the ascertained result of the experiment, we could not say they are confiscatory and void.

By analogy to the judgments and decrees of courts provisional orders of the public service commission not final in character but reserving for future adjudication matters in litigation, should not be treated as final here and as furnishing basis for action under section 16 of the statute. *Benedum* v. *First Citizens Bank,* 72 W. Va. 124; *Richmond* v. *Richmond,* 62 W. Va. 206. The order complained of has no such finality as to preclude the commission from hereafter disregarding its findings and from changing the entire basis of its order on final hearing.

The valuation of the property of a public service corporation for rate making purposes and the fixing of rates for tolls and charges for the services to be rendered are purely legislative acts and are not the subject of judicial inquiry, except in so far and in so far only as may be necessary to determine whether such rates are void on constitutional or other grounds. And we decided in *United Fuel Gas Co.* v. *Public Service Commission,* 73 W. Va. 571, construing said section 16, of the Public Service Commission Act, that the jurisdiction given this court thereby is not as upon appellate process by appeal or writ of error, but as upon original process, and limited to matters purely judicial, and as not including matters purely administrative, executive or legislative, not conferred by the constitution. So that in advance of the final order of the commission based on the experiment inaugurated by its order here complained of we are bound to withhold any exercise of the jurisdiction conferred upon us to suspend, modify or prohibit the enforcement of said order.

In reaching this conclusion we are fully justified by recent adjudication of the Supreme Court of the United States, in which the injunctive process of a court of equity was denied

under like or similar circumstances. We refer to *Des Moines Gas Co.* v. *Des Moines*, 238 U. S. 153, and *Knoxville* v. *Knoxville Water Co.*, 212 U. S. 1.

We are, therefore, of opinion to deny the relief prayed for and to dismiss the petition, but without prejudice to the rights of the petitioner upon final hearing of said proceeding before, the Public Service Commission.

<div align="right">

*Petition dismissed, without prejudice.*