# CHARLESTON.

BERKELEY SPRINGS WATER WORKS v. PUBLIC SERVICE COMMISSION OF WEST VIRGINIA AND THE TOWN OF BATH.

Submitted January 10, 1923.    Decided February 20, 1923.

PUBLIC SERVICE COMMISSION—*Order of Public Service Commission Fixing Rates and Retaining Case on Docket for Further Report Not Appealable.*

An experimental order of the Public Service Commission, valuing the plant of, and fixing the rates to be charged by, a public utility, and retaining the case on the docket for future report and action after the results of such experiment are ascertained, is not final, and an appeal therefrom to this Court · will be dismissed, without prejudice to further action thereon by the Commission.

Petition by the Berkeley Springs Waterworks against the Public Service Commission of West Virginia and another.

On petition to review an order of defendant fixing water rates.

*Petition dismissed.*

Brown & Brown, for petitioner.

F. M. Livezey, for respondents.

MEREDITH, JUDGE:

Petitioner, Eugene Van Rensselaer, doing business as Berkeley Springs Water Works, complains of an order entered by the Public Service Commission in its case No. 1303, entered May 12th, 1922.

Petitioner is engaged in furnishing water to the public at the town of Bath, known as Berkeley Springs. He made application to the Commission for an increase in rates, averring that his plant had a valuation of about $40,000, based on reproduction cost as of about January 1, 1922, less depreciation. The increase was contested by some of the residents of the town and by the attorney for the Commission. The Assistant Engineer for the Commission filed a report fixing the reproduction value, less depreciation, at $16,721.01, based on unit prices in 1915. Considerable evidence was taken by the Commission, including the testimony of engineers for the applicant and the Commission. The Commission, after reciting the evidence, in its order says: ''From all which it appears to the Commission that the evidence and exhibits in this case do not furnish the Commission very clear and definite information upon which to fix a value for rate making purposes, but, taking into consideration all the evidence and opinions, of the various witnesses, the Commission is of opinion and doth so find that the present fair value, for rate making purposes, of applicant's plant devoted to public use, is approximately $25,000, as of the 1st day of January, 1922''.

The Commission in the same order granted an increase in rates,—for the first spigot (including hot and cold water) of 100%, other spigots to remain at the former rate; an increase in Building rates of from 25% to 50%; and an increase in Meter rates of approximately 16-2/3%. The increase also provides for minimum charges per month. Prior to this time

the petitioner, under his franchise, was required to furnish free water to the town for 27 fire hydrants, and for street sprinkling purposes during five summer months of the year. By the order petitioner is required to cease furnishing free service and is directed to charge $50 per year for each of the fire hydrants.

The increase for flat rate consumers and fire hydrants is made effective May 1, 1922, and for meter rate consumers April 1, 1922. Applicant is required to repair his reservoir which has been out of use for want of repairs for about twelve years, install mains in the town of sufficient size to furnish fire protection at points to be designated by the town, and to make repairs and enlargements of his various lines so that he can render reasonably good service to all consumers; to meter all unmetered consumers within one year; and to file a report with the Commission on or before November 20, 1922, setting out in detail his operating revenue and expense, by months, from May 1st to November 1st, 1922; the additional revenue he has earned by reason of the authorized change in rates; also the repairs, improvements and additions made and the meters installed during the period. The case is retained on the docket for further action.

The only complaint here is as to the valuation placed on the plant by the Commission. As we interpret the order it is merely tentative; the Commission had little evidence before it on which to base its findings of value, and wants more light. Experience furnishes the only practical test. How it arrives at its valuation of $25,000 the order does not tell us. It may have deducted from petitioner's valuation the item of $3,-187.50 "present value" for the unused reservoir. It may also have deemed 25% an excessive allowance for contractors' profits, etc., figured by applicant's engineers in construction.

But the rates allowed may furnish a fair revenue to pe-titioner based on a higher valuation than $25,000. No one could then tell what the return would be. The new charge for service to the town alone amounts to $1350, almost one-third as much as the revenues from all sources in former years. When this is added to the increased rates to other

consumers, the petitioner may obtain ample return and may have nothing to complain of. The order is merely provisional and experimental and we cannot say on the present record that petitoner is being deprived of his property without due process of law. We think this case is precisely like that of *City of Bluefield* v. *Water Works,* 81 W. Va. 201. If the petitoner carries out in good faith the orders of the Commission, we have no doubt he will be allowed a proper return on his investment. The Commission is interested in the kind of service rendered, that the residents may have an abundant supply of wholesome water at all times, and petitioner will be allowed, as he ought to be allowed, a fair return on the present value of his plant.

For the foregoing reasons the petition is dismissed, but without prejudice to petitioner's rights upon a final hearing before the Commission to determine the fair value of his utility.

*Petition dismissed.*